IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Moses Childs, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 1:15-2860-RMG |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Warden Linda Thomas, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that this Court dismiss Petitioner's Petition for Writ of Habeas Corpus. (Dkt. No. 12). The Court hereby adopts the R & R and dismisses the petition without prejudice.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Petitioner Moses Childs is a federal prisoner serving a 180-month sentence for violations of §§ 922(g)(1), 924(a)(2), and 924(e)(1). He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that (1) in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he is not subject to any Armed Career Criminals Act enhancements, and (2) he is "actually innocent of any 4B1.4 enhancements." (Dkt. No. 1 at 5).

Federal prisoners may utilized § 2241 only when they have "no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). In other words, a § 2241 claim is appropriate only when it satisfies § 2255's savings clause.

There is a three-part test to determine when § 2241 is an appropriate vehicle for a federal prisoner to bring a § 2255 claim:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). The Court agrees with the Magistrate Judge's conclusion that Petitioner fails to satisfy this three-part test. Further, Petitioner has filed no objections to the R & R.

The Court has reviewed the R & R, the full administrative record in this matter and the relevant legal authorities. The Court finds that the Magistrate Judge ably and promptly summarized the factual and legal issues and appropriately recommended that the action should be dismissed. Therefore, the Court hereby **ADOPTS** the R & R as the order of this Court and **DISMISSES** the petition without prejudice and without requiring Respondent to answer.

2

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January 8, 2016
Charleston, South Carolina

3